IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OSAYAMIEN OGBEIWI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) NO. 1:20-cv-01094-STA-cgc |
| | ) |
| CORECIVIC AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO DISMISS OF DEFENDANTS ELORY GREER AND GINEE ROBERTS

Plaintiff Osayamien Ogbeiwi, an inmate previously housed at Whiteville Correctional Facility ("WCF"), filed this action pursuant to 42 U.S.C. § 1983, asserting claims under the Eighth and Fourteenth Amendments against CoreCivic America and various prison officials. He has also brought a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Defendants Elory Greer and Ginee Roberts have filed a motion to dismiss the claims against them.[1] (ECF No. 45.) Plaintiff has filed a response to the motion (No. 47), and Defendants have filed a reply. (ECF No. 48.) For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** as to Defendant Greer and **DENIED** as to Defendant Roberts.[2]

Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the

---

[1] It appears that the correct names of Defendants are Ellery Grier-Herron and Jennie Roberts. The Clerk of the Court is **DIRECTED** to correct the docket to reflect the correct names of Defendants.

[2] Plaintiff acknowledges that he has not stated an ADA claim against these particular defendants. (Resp. p. 4 n.1, ECF No. 47.)

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## Background

The complaint alleges as follows.[3] Plaintiff was involved in a physical altercation with other WCF inmates and was stabbed four times on March 25, 2019.[4] After the incident, he was placed in administrative segregation housing, i.e., protective custody. The Warden, the Assistant Warden, Chief Sean (a/k/a "Shawn") Walton, and other high-level officers, including Defendants Greer and Roberts, allegedly met to decide what to do with Plaintiff. Initially, they decided to

---

[3] On January 22, 2021, the Court granted Plaintiff's motion to amend his complaint to increase his request for damages. (Ord.,ECF No. 12.) Because Plaintiff made no changes in his allegations, the Court has referred to the original complaint in this order.

send Plaintiff to another prison since he was still being threatened at WCF. However, the assailant(s) told the prison officials that it was safe to let Plaintiff be with them. In light of this alleged promise, the decision was made to release Plaintiff back into general population despite the protestations of Plaintiff and his family who wanted Plaintiff sent to another prison. Plaintiff's family allegedly specifically told Defendant Greer of the potential danger to Plaintiff, and Greer agreed to send someone to talk to Plaintiff.

Plaintiff asked Defendant Roberts to send him another prison instead of going back to general population, but Defendant Roberts insisted that he return to general population. Specifically, Roberts allegedly told Plaintiff, "I was going to transfer you and your cellmate to another prison because your cellmate previously said something disrespectful to me, but he later apologized. I've made a request for you both to be returned back to the general population." (Cmplt. ¶ 8, ECF No. 1.)

On April 26, 2019, Defendant Walton moved Plaintiff to another housing unit at WCF despite concerns for his safety. Plaintiff alleges that, after he entered his new housing unit, he was involved in another physical altercation with other inmates and he sustained serious physical injuries including twenty-four stab wounds. Plaintiff was transferred from WCF to Morgan County Correctional Facility on September 16, 2019.

Plaintiff's § 1983 claim against Defendants Greer and Roberts is based on their alleged failure to protect him after the first attack in violation of the Eighth Amendment.

## Analysis

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights,

---

[4] Plaintiff does not contest Defendants' assertion that any claim(s) based on the March 25, 2019

3

privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). Additionally, "Section 1983 is an individual liability statute and thus [the plaintiff] bears the burden of 'specifically link[ing] the officer's involvement to the constitutional infirmity.'" *Przybysz v. City of Toledo*, 746 F. App'x 480, 483 (6th Cir. 2018); *see also Smith v. Shelby County*, 721 F. Supp. 2d 712, 721 (W.D. Tenn. 2010) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability.")

In order to establish an Eighth Amendment claim for deliberate indifference to an inmate's health and/or safety, the inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Defendants do not contest the fact that Plaintiff suffered a serious injury, i.e., twenty-four stab wounds that resulted in Plaintiff's hospitalization. Therefore, the Court must focus on the second factor – whether Plaintiff has sufficiently pled that Defendants Greer and Roberts were deliberately indifferent to his health and safety. The Court finds that Plaintiff has not sufficiently pled this factor as to Defendant Greer but has sufficiently pled it as to

---

altercation is barred by the one-year statute of limitations.

Defendant Roberts.

The allegations as to Defendant Greer merely show that he participated in a staff meeting at which Plaintiff's placement was discussed, Plaintiff's family warned Greer of the danger to Plaintiff if he was moved to general population, and Greer said he would send someone to talk to Plaintiff. There are no allegations that Greer made any decision or took any action concerning Plaintiff's placement during the relevant time period – or that he had the authority to do so. Nor does the complaint allege that Greer failed to send someone to talk to Plaintiff. Accordingly, Plaintiff has not alleged any facts that, if proved at trial, would show that Greer was deliberately indifferent to his health and safety by "know[ing] of and disregard[ing] an excessive risk to [Plaintiff's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, Plaintiff has specifically alleged that Defendant Roberts not only was in the meeting to discuss Plaintiff's placement, Roberts told Plaintiff that he (Roberts) had requested that he be returned to general population. Even though Plaintiff has alleged that Defendant Walton told Plaintiff that he (Walton) had made the assignment to general population, a jury could find that Roberts played a significant role in that decision by requesting that Plaintiff be returned to general population. At this juncture, the Court find that Plaintiff has sufficiently alleged a factual basis for Plaintiff's Eighth Amendment claim against Defendant Roberts.

In summary, Defendants' motion to dismiss is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is **GRANTED** as to Defendant Elory Greer and **DENIED** as to Defendant Ginee Roberts.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 1, 2021