IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OSAYAMIEN OGBEIWI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )    NO. 1:20-cv-01094-STA-cgc |
| | ) |
| CORECIVIC AMERICA, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS
AND
EXTENDING TIME FOR SERVICE OF PROCESS FOR CERTAIN DEFENDANTS
AND
ORDERING ADDITIONAL BRIEFING
AND
DENYING MOTION FOR DEFAULT JUDGMENT**

On December 8, 2021, the Court ordered Plaintiff Osayamien Ogbeiwi, *inter alia*, to show cause why the action should not be dismissed as to certain defendants. Plaintiff filed a response on December 22, 2021 (ECF No. 60) and has agreed that the following defendants should be dismissed: Warden Arvill Chapman (deceased); Officer (Vernon) Lewis (deceased); Officer (Robert) Anthony (deceased); Brandon Maloney; Corporal Perry; John/Jane Doe Medical Staff Member; Unknown Named Black Male Doctor; and Cynthia Casagrande. Accordingly, the action as to these defendants is hereby **DISMISSED**.

Plaintiff seeks to extend the time for service by thirty (30) days for the following defendants: Correct Cares Solutions, Mohamed Azam, and Charisma Robertson a/k/a Currisma Robinson. There appears to be some confusion as to Defendant Robertson. Defense counsel has filed a notice of appearance as to Tasma Roberston, who defense counsel states is inaccurately

listed by Plaintiff as Charisma Robertson.  (ECF No. 31.)  The summons submitted by Plaintiff lists the "apparent real name" of Charisma Robertson as "Tasma Robertson."  (ECF No. 26-3.)  However, Plaintiff's counsel now takes the position that Charisma Robertson and Tasma Robert are two different people (ECF No. 60), and he seeks additional time in which to serve Charisma Robertson, who Plaintiff's counsel now names as "Currisma Robinson."  (ECF No. 63.)

The Clerk of the Court is **INSTRUCTED** to correct the docket sheet to reflect that Defense Counsel J. Austin Stokes represents Nurse Practitioner Tasma Roberston (shown on the docket sheet as "Nurse Practitioner Robinson") and that Charisma Robertson a/k/a Currisma Robinson is not represented at this time.

For good cause shown and pursuant to Fed. R. Civ. P. 4(m),[1] the Court will extend the time for service for Correct Cares Solutions, Mohamed Azam, and Charisma Robertson a/k/a Currisma Robinson by thirty (30) days.

Next, Plaintiff asks the Court not to dismiss Defendants Chief Sean Walton and Assistant Warden Christopher Shane McClain under Fed. R. Civ. P. 41(b).  Plaintiff contends that the Court cannot *sua sponte* dismiss an action for failure to prosecute and may only do so on motion of a defendant.  Plaintiff is incorrect.  "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Funk v. Comm'r of Soc. Sec.*, 2011 WL 2470999, at *1 (E.D. Mich. June 1, 2011), rep. and recomm. adopted, 2011 WL

---

[1]  Fed. R. Civ. P. 4(m) provides:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a

2470983 (E.D. Mich. June 22, 2011) (quoting *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). *See also Rogers v. City of Warren*, 302 F. App'x 371, 372 (6th Cir. 2008) (affirming district court's *sua sponte* dismissal of a civil rights action for failure to prosecute); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001)) ("Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order."); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) ("Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'")  Accordingly, although the Court has the power to dismiss the action as to these two defendants, the Court will not do so in light of the attempts made by Plaintiff to get all the defendants properly served.

In addition to the response to the order to show cause, Plaintiff has filed a motion for default judgment against Defendant McClean a/k/a McClain. (ECF No. 61.) The motion is **DENIED** without prejudice because Plaintiff did not first seek entry of default against Defendant McClean. *See, e.g.*, *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (noting that entry of default "is a prerequisite to entry of a default judgment under Rule 55(b)").

There is another potential problem with Plaintiff's motion. In it, he asserts that Defendant McClean has been properly served with process via FedEx delivery. However, in his response to the order to show cause (ECF No. 60), Plaintiff acknowledges that there is some dispute as to whether FedEx delivery of a summons is within the definition of "mail" under Tenn. R. Civ. P. 4. *See, e.g.*, *Est. of Lockner v. Woodard*, 2021 WL 2154168, at *2 (E.D. Tenn. Apr. 27, 2021),

---

specified time; provided that if the plaintiff shows good cause for the failure, the

3

rep. and recomm. adopted *sub nom. Est. of Lockner v. Washington Cty.*, 2021 WL 2143128 (E.D. Tenn. May 26, 2021) ("While Tennessee Rule of Civil Procedure 4.04(10) does not specify whether 'mail' includes private package services such as FedEx or UPS, this Court must conclude that it does not."); *Hobson v. Billotte*, 2021 WL 4342329, at *5 (M.D. Tenn. Sept. 23, 2021), rep. and recomm. adopted, 2021 WL 4847191 (M.D. Tenn. Oct. 18, 2021) ("Plaintiff has shown no authority for using a private shipping service to achieve service of process in lieu of using the United States Postal Service.")

Plaintiff will be given fourteen (14) days to brief the issue of whether service by FedEx constitutes proper service under Tenn. R. Civ. P. 4. Although the Court is mindful that Attorney Stokes has not filed a notice of appearance on behalf of Defendant McClean, he is invited to respond to Plaintiff's brief as a friend of the Court within fourteen (14) days of the filing of Plaintiff's brief.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 4, 2021

---

court shall extend the time for service for an appropriate period.