IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OSAYAMIEN OGBEIWI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) NO. 1:20-cv-01094-STA-cgc |
| | ) |
| CORECIVIC AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION TO DISMISS OF
### DEFENDANT CHARISMAH ROBERTSON A/K/A CURRISMA ROBINSON

Plaintiff Osayamien Ogbeiwi, an inmate previously housed at Whiteville Correctional Facility ("WCF"), filed this action pursuant to 42 U.S.C. § 1983, asserting claims under the Eighth and Fourteenth Amendments against CoreCivic America and various prison officials, including Charismah Robertson a/k/a Currisma Robinson. Defendant Robertson/Robinson has filed a motion to dismiss the claims against her. (ECF No. 69.) Plaintiff has filed a response to the motion (No. 75), and Defendant has filed a reply. (ECF No. 76.) For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and

construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## Background

The complaint alleges as follows. Plaintiff was involved in a physical altercation with other WCF inmates and was stabbed four times on March 25, 2019. After the incident, he was placed in protective custody. The Warden and other high-level officers, including Defendant Robertson/Robinson, allegedly met to decide what to do with Plaintiff. Initially, they decided to send Plaintiff to another prison since he was still being threatened at WCF. However, the assailant(s) told the prison officials that it was safe to let Plaintiff be with them. In light of this alleged promise, the decision was made to release Plaintiff back into general population despite the protestations of Plaintiff and his family who wanted Plaintiff sent to another prison. Defendant Robertson/Robinson informed Plaintiff that he would be released back into general population.

On April 26, 2019, Plaintiff was moved to another housing unit at WCF. Plaintiff alleges that, after he entered his new housing unit, he was involved in another physical altercation with other inmates and he sustained serious physical injuries including twenty-four stab wounds.

Plaintiff was transferred from WCF to Morgan County Correctional Facility on September 16, 2019.

Plaintiff's § 1983 claim against Defendant Robertson/Robinson is based on her alleged failure to protect him after the first attack in violation of the Eighth Amendment.

## Analysis

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). Additionally, "Section 1983 is an individual liability statute and thus [the plaintiff] bears the burden of 'specifically link[ing] the officer's involvement to the constitutional infirmity.'" *Przybysz v. City of Toledo*, 746 F. App'x 480, 483 (6th Cir. 2018); *see also Smith v. Shelby County*, 721 F. Supp. 2d 712, 721 (W.D. Tenn. 2010) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability.")

In order to establish an Eighth Amendment claim for deliberate indifference to an inmate's health and/or safety, the inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious and (2) the official responsible for the deprivation must have

exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Defendant does not contest the fact that Plaintiff suffered a serious injury, i.e., twenty-four stab wounds that resulted in Plaintiff's hospitalization. Therefore, the Court must focus on the second factor – whether Plaintiff has sufficiently pled that Defendant Robertson/Robinson was deliberately indifferent to his health and safety. The Court finds that Plaintiff has not sufficiently pled this factor.

The allegations as to Defendant Robertson/Robinson merely show that she participated in a staff meeting at which Plaintiff's placement was discussed, and then Defendant informed Plaintiff of his upcoming transfer. There are no allegations that Defendant made any decision or took any action concerning Plaintiff's placement during the relevant time period – or that she had the authority to do so. Accordingly, Plaintiff has not alleged any facts that, if proved at trial, would show that Defendant was deliberately indifferent to his health and safety by "know[ing] of and disregard[ing] an excessive risk to [Plaintiff's] health or safety," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 1, 2022