IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OSAYAMIEN OGBEIWI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   NO. 1:20-cv-01094-STA-cgc |
| | ) |
| CORECIVIC AMERICA, et al., | ) |
| | ) |
|    Defendants. | ) |

### ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff Osayamien Ogbeiwi has filed a motion for final entry of judgment as to Defendants CoreCivic, Inc. and Currisma Robinson pursuant to Fed. R. Civ. P. 54(b).[1] (ECF No. 96.) Plaintiff contends that the claims against these two defendants are distinct from the other defendants, although arising from the same incident, and that an "early appeal would streamline matters." (*Id.* at p. 3.) Plaintiff reasons that, if he has one trial, "then win or lose, and then (potentially) have another trial following (successful) appeal on very similar facts, it will be an unnecessary waste of everyone's time. A single trial would make far more sense, which is what a quick appeal could potentially allow, if successful." (*Id.*) Defendants have filed a response and oppose the motion. (ECF No. 97.) For the reasons set forth below, the motion is **DENIED**.

Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or

---

[1] On May 26, 2021, the Court granted CoreCivic's motion to dismiss. (ECF No. 37.) On March 1, 2022, the Court granted Defendant Robinson's motion to dismiss. (ECF No. 78.) On July 28, 2022, the Court denied Plaintiff's motion to amend to reassert the previously dismissed claims against CoreCivic and Robinson. (ECF No. 95.)

1

> more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  The Rule was designed to permit the entry of a final judgment when "the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment to all." *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *COMPACT v. Metro. Gov. of Nashville & Davidson Cnty., Tenn.*, 786 F.2d 227, 230 (6th Cir. 1986)).

If a party seeks an immediate appeal from the final disposition of only some of his claims, as Plaintiff does here, he must ask the district court to grant a certification under Rule 54(b).  In order to certify an order as final under Rule 54(b), a district court must both "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case" and "expressly determine that there is no just reason to delay appellate review." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012).

The Sixth Circuit has identified factors that should be considered in determining whether there is no just reason for delay:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 503 (citing *Corrosioneering*, 807 F.2d at 1283).  Defendants correctly argue that Plaintiff has not demonstrated the existence of grounds necessary for certification under Rule 54(b).

"Under the first factor, the claims upon which the party seeks final judgment should generally be separate and independent [from the other claims remaining] so that the appellate

2

court will not have to consider the same issues again if a second appeal is brought." *Johnson v. Synovus Bank*, 2015 WL 4988579, at *1 (W.D. Tenn. Aug. 19, 2015) (footnote and citation omitted). Here, the claims against all the defendants are intertwined in that they arise from the same incident. Allowing the entry of judgment against these two defendants would result in "piecemeal appeals," *id.* at *2, which outweighs any consideration of inconvenience to Plaintiff.

Plaintiff has also failed to show grounds for certification under the second factor. As Defendants suggest, on summary judgment this Court could determine that Plaintiff has failed to create a genuine issue of material fact as to whether he can show a constitutional deprivation.[2] Such a finding would moot a need for review of this Court's order dismissing claims against CoreCivic and Robinson.

Finally, as noted by Defendants, certifying a judgment against CoreCivic and Robinson would most likely delay the current proceedings and impose unnecessary expense on both present Defendants and CoreCivic and Robinson. Accordingly, the balance of factors weighs against a finding that there is no just reason for delay as to the entry of final judgment, and Plaintiff's motion is **DENIED.**

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 16, 2022

---

[2] The Court is in no way stating that it intends to make such a finding. This is merely an example provided by Defendants.